In November 1991 Jack D. Shows, as executor of the estate of Mary Shows Moore, filed a complaint against Donnell Trucking Company, Inc. (Donnell), and its employee, Jimmy Glenn Nolin. The complaint alleged that Moore died as a result of injuries she received in an automobile accident in April 1991. The complaint further alleged that Moore's death was a result of the negligent and wanton actions of Donnell and Nolin.
Donnell filed an answer, after being served with a summons and a complaint. Nolin was never served with a summons and a complaint.
In March 1993 Donnell filed a motion for summary judgment and attorney fees, pursuant to the Alabama Litigation Accountability Act (Ala. Code 1975, §§ 12-19-270 through-276). Donnell also filed numerous documents in support of its motion for summary judgment. Shows filed several motions to strike various documents submitted by Donnell in support of its motion for summary judgment.
Shows also filed a brief in opposition to Donnell's motion for summary judgment and attorney fees, with supporting documentation. Donnell filed a motion to strike certain evidence from this response filed by Shows. *Page 668 
On June 15, 1993, Donnell filed another motion for attorney fees, wherein it requested that the trial court award attorney fees against Shows and the attorneys representing Shows, pursuant to Rule 11, Ala.R.Civ.P., and the Alabama Litigation Accountability Act (Act).
On June 16, 1993, the trial court issued two separate orders. One of the orders granted Donnell's motion for summary judgment. In this order the trial court noted that it had considered Donnell's motion and the supporting documentation filed with the motion, as well as the brief filed in opposition to Donnell's motion for summary judgment and attorney fees. This order mentioned the motions to strike and indicated that these motions would be dealt with in a separate order. The trial court further noted that it had heard oral argument on these motions. The order stated, in pertinent part:
 "[Donnell] and [Nolin] are hereby granted summary judgment in their favor, and [Shows's] complaint against [Donnell and Nolin] is hereby dismissed with prejudice with costs assessed against [Shows]. It is further
 "ORDERED, ADJUDGED and DECREED that there is no just reason for delay, and that this is the final judgment of the court dismissing this matter."
(Emphasis added.)
The other order issued on June 16, 1993, was the separate order which dealt with the various motions to strike filed by Shows and Donnell. This order contained the following statement:
 "There being nothing further pending before the court, and there being no reason to delay entry of judgment on this matter, judgment is hereby granted in favor of [Donnell and Nolin] against all causes of action in [Shows's] complaint, and this matter is hereby dismissed, [Shows] to bear all costs of the action."
(Emphasis added.)
On July 22, 1993, Shows appealed the order granting the motion for summary judgment to our supreme court.
On September 17, 1993, Donnell filed a motion, requesting a hearing on the motion for attorney fees that it had filed on June 15, 1993. Donnell's motion makes no mention of the motion for attorney fees which it had filed with its motion for summary judgment. In this motion for a hearing on the motion for attorney fees, Donnell stated that its "position is that this motion [for attorney fees] is not made moot by the entry of summary judgment on June 16, 1993, and that the court should hear this motion." However, we would note that Donnell failed to cite any authority to support its position.
On December 6, 1993, Donnell filed another motion for a hearing on its motion for attorney fees. In this motion Donnell stated that it had filed a motion for summary judgment and attorney fees in March 1993, and that it had filed another motion for attorney fees in June 1993. The motion also stated that the trial court had issued an order granting the motion for summary judgment, but that "[t]his [June 16, 1993,] order [granting the motion for summary judgment] did not address [Donnell's] motion for attorney fees." Donnell also stated in this motion that "[t]he appeal [filed by Shows on July 22, 1993,] has not affected [Donnell's] right to attorney fees under either Rule 11 or the [Act]." Again, there is no citation to any authority in support of this position.
Our supreme court affirmed the trial court's order granting the motion for summary judgment in an opinion issued January 28, 1994. See Shows v. Donnell Trucking Co., 631 So.2d 1010
(Ala. 1994).
Donnell's attorney sent a letter dated July 14, 1994, to the trial court, wherein he reminded the trial court that our supreme court had affirmed the order granting the motion for summary judgment and that "the only matter remaining to be resolved is [Donnell's] motion for attorney fees under the [Act]." The attorney requested that the matter be set for a hearing.
In September 1994 Donnell's attorney filed an affidavit, accompanied by documentation, in support of Donnell's motion for attorney fees. Shows filed a response to this affidavit, wherein Shows argued that the trial court no longer had subject matter jurisdiction to award attorney fees and expenses to Donnell *Page 669 
because, he says, when the trial court granted the motion for summary judgment in favor of Donnell, it failed to reserve jurisdiction to consider the motion for attorney fees.
After a hearing on the motion for attorney fees, the trial court issued an order, wherein it denied Donnell's motion for attorney fees under the Act and under Rule 11, Ala.R.Civ.P.
Donnell appeals. This case is before this court pursuant to Ala. Code 1975, § 12-2-7(6).
The dispositive issue is whether, under the facts of this case, the trial court retained subject matter jurisdiction over Donnell's motion for attorney fees after it issued its order of June 16, 1993.
Ala. Code 1975, § 12-19-272(a), provides:
 "Except as otherwise provided in this article, in any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorneys' fees and costs against any attorney or party, or both, who has brought a civil action, or asserted a claim therein, or interposed a defense, that a court determines to be without substantial justification, either in whole or part. . . ."
(Emphasis added.)
In Baker v. Williams Brothers, Inc., 601 So.2d 110
(Ala.Civ.App. 1992), this court stated that the motion for attorney fees under the Act must be made while the case is still pending. InBaker, the motion for attorney fees under the Act was filedafter the trial court's order granting the motion for summary judgment was affirmed on appeal. Clearly, the trial court inBaker did not have jurisdiction to hear the motion for attorney fees under the Act. However, in the present case, both of the motions for attorney fees were filed before the trial court issued its order granting the motion for summary judgment.
This court also indicated in Baker that the trial court can hold a separate hearing on the motion for attorney fees under the Act "after the entry of final judgment on the merits,provided that the court retained jurisdiction to do so." Baker, 601 So.2d at 112 (emphasis added).
The question in the present case is whether the trial court retained jurisdiction to hear the motion for attorney fees after the entry of the final judgment.
In Meek v. Diversified Products Corp., 575 So.2d 1100
(Ala. 1991), our supreme court found that the record revealed that the trial court specifically granted Diversified's request to file a written motion for attorney fees with a supporting brief. Our supreme court also found that the trial court had reserved its jurisdiction over Diversified's motion by specifically granting the request to file a written motion for attorney fees. We would note that in Meek, Diversified made its request to file the written motion for attorney fees under the Act during the hearing on Diversified's motion for summary judgment.
In the present case the motions for attorney fees were pending at the time that the trial court issued its orders of June 16, 1993. This court would note that neither of these orders contained a ruling on the pending motions for attorney fees and that the trial court failed to retain jurisdiction to consider the motions at a later date. In fact, Donnell admitted in its December 6, 1993, motion for a hearing that "[the trial court's June 16, 1993,] order [granting the motion for summary judgment] did not address [Donnell's] motion for attorney fees."
While Donnell's argument that it did everything that it could to have the matter heard can be appreciated, it is not persuasive. Since the Act provides that the trial court shall award the attorney fees as a part of its judgment, it was incumbent upon Donnell to have the trial court either rule on the pending motion for attorney fees when it granted its motion for summary judgment or reserve jurisdiction to hear the motion for attorney fees at a later date.
In light of the above, we cannot say that, under the facts of this case, the trial court retained jurisdiction to hold a separate hearing on the motion for attorney fees after the entry of a final judgment. Consequently, we find that the trial court did not have jurisdiction to hear the motion for attorney fees. *Page 670 
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
APPEAL DISMISSED.
All the Judges concur.