THOMPSON, Judge.
This is an appeal from a summary judgment entered in favor of the defendants Me-trospec, Inc., and its president, Ben Hill, Jr., in an action arising from the purchase of a used home. Cody Hill and his wife Ginger Hill contracted to purchase the subject home from John Anglin and his wife Terry Anglin, on December 14, 1993. The Anglins were represented by real estate agent Patsy Johnson. In compliance with the real estate contract, the house was inspected for termites and other wood-infesting insects by Twin City Termite & Pest Control Company and its employee, Douglas Waites. The inspection revealed evidence of prior infestation by wood-boring beetles in three areas, which Waites marked with X’s on a diagram attached to the wood-infestation report. Upon receipt of the results of the wood-infestation report, the mortgage company imposed, as a requirement, a structural inspection of the areas documented upon the report. Ben Hill, Jr., an employee of Metrospec, Inc., was retained to perform the inspection. After inspecting the crawl space in the three designated areas, Ben Hill notified the mortgage company that these areas were structurally sound. Following the closing on the sale, the Hills experienced numerous problems as a result of flooding and water damage, inferior construction, and active wood-boring-beetle infestation.
The Hills sued the Anglins; Terrell Bishop, the appraiser; Patsy Johnson, the real estate agent, and the company she represents, Dunlop and Harwell; the principal of Dunlop and Harwell, Daniel Dunlop; Doug *211 las Waites and his employer, Twin City Termite & Pest Control Company; and Ben Hill and Metrospec, Inc. (the final two parties are hereinafter referred to collectively as “Me-trospec”). The complaint alleged breach of contract, negligence, fraudulent suppression, fraudulent misrepresentation, fraudulent concealment, conspiracy, and the tort of outrage. The complaint was subsequently amended to include as an additional defendant the closing attorney, Walter Northeutt. Metrospec filed motions to dismiss, motions for judgments on the pleadings and/or motions for a more definite statement, and motions for fees and costs pursuant to the Alabama Litigation Accountability Act. The court entered a summary judgment in favor of Metrospec. That judgment was not certified as a final judgment in accordance with Ala. R. Civ. P., Rule 54(b). The plaintiffs subsequently reached a settlement with the remaining defendants, providing for the payment of $125,000 in exchange for a full and final release of all of the Hills’ claims. The Hills and the defendants who were parties to the settlement agreement entered into a stipulation for dismissal of the lawsuit with prejudice. Metros-pec filed a petition for fees and costs pursuant to the Alabama Litigation Accountability Act, on January 10,1997. On March 4, 1997, the court entered an order dismissing the action with prejudice, upon the motion of the parties to the settlement agreement. On April 15, 1997, the court entered an order granting Metrospec fees and expenses in the amount of $8,785.60, pursuant to the Alabama Litigation Accountability Act. The Hills filed a notice of appeal to this court on April 8, 1997, from the March 4, 1997, order dismissing the action, appealing the summary judgment that had been entered in favor of Metrospec. On May 2,1997, the Hills filed a motion to transfer the appeal to the Supreme court; that motion was denied. The Hills filed a second notice of appeal on May 20, 1997, to this court, from the order awarding attorney fees and costs pursuant to the Alabama Litigation Accountability Act. The appeals were subsequently consolidated ea; mero motu.
The Hills argue that the trial court erred in entering the summary judgment in favor of Metrospec and that the award of fees and costs pursuant to the Alabama Litigation Accountability Act was improper. “In reviewing the disposition of a motion for summary judgment, we utilize the same standard as that of the trial court in determining whether the evidence before [it] made out a genuine issue of material fact.” Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Evidence is “substantial” if it is of “such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
The Hills argue that the record contains substantial evidence of negligence on the part of Metrospec, and thus that the summary judgment in favor of Metrospec on this claim was improper. To recover against Metrospec on a claim of negligence, the Hills must show that Metrospec owed them a duty of care, that Metrospec breached that duty, and that they suffered loss as a proximate result of the breach of that duty. John R. Cowley & Brothers, Inc. v. Brown, 569 So.2d 375 (Ala.1990). The evidence is undisputed that Metrospec was retained and paid by the Anglins and that the inspection Metrospec completed was performed for the benefit of the mortgage company. The Hills argue that Metrospec undertook a duty to the Hills in the performance of its inspection, but they cite no authority for this proposition. Even if we assume the existence of such a duty, however, after a thorough review of the record, we find no substantial evidence indicating that Metrospec breached any such duty of care. Metrospec inspected the document *212 ed areas and advised the lender of the results by the following letter:
“Dear Mr. Northcutt:
“In accordance to an inspection requested by Ms. Patsy Johnson of Dunlop-Harwell; I inspected the crawl space area of the property of Mr. John Anglin, 905 Lake Condy Rd., Opelika, Al.
“The purpose of this inspection was to ascertain and assess any structural damage that may have been caused by the wood-boring insects mentioned in a report by Mr. Doug Waites of Twin City Termite & Pest Control Co.
“Upon a thorough visual examination of the indicated area, I found no structural damage that would indicate a compromise of the integrity the [sic] floor system or any of its components.
“Metrospec, Inc. is an Alabama Corporation, locally owned and operated. Ben Hill is its president and one of its inspectors, and is actively engaged in the residential construction business. Licensed and certified by the state of Alabama as a general contractor, license # 1996.
“I certify that I nor Metrospec, Inc. has an association with any of the parties of the transaction involving the subject property, not any interest therein, nor anticipates any interest therein [sic],
“I trust that information serves your purpose.
“Yours truly,
“Ben Hill, Jr.”
After discovering some of the defects in their home, the Hills retained their own inspector, Mr. J. Walker Joines, to document a complete record of the damage to their residence. Mr. Joines testified that he found no structural damage in the areas that Metros-pec had inspected.
The Hills argue that Metrospec was negligent in failing to do a more thorough inspection of the entire house and they contend that, had he done that, he would have detected some serious structural problems. This argument is not well taken. Mr. Joines, the inspector retained by the Hills, testified that when he is hired to inspect homes in which prior infestation had been detected by a pest control company, it is his customary practice to limit his inspection to areas specifically documented on the wood-infestation report and/or attached diagrams. The Hills provided no expert testimony, nor any proof of any kind, to show that the inspection conducted by Metrospec was deficient or that the results it reported were inaccurate.
The Hills rely upon the testimony of one of the co-defendants, Douglas Waites, who performed the original pest inspection, to demonstrate that Metrospec breached its duty to them in the performance of their home inspection. Mr. Waites testified that the X’s that he marked on the diagram were meant to indicate infestation in the walls, and not in the crawl space. He stated that, in his opinion, Metrospec failed to perform an adequate inspection. He did not concede that the diagram he marked was confusing or ambiguous, but did state that if Metrospec had found his diagram confusing, it should have questioned him about it. However, viewing the evidence in the light most favorable to the Hills, and assuming all of Mr. Waites’s testimony to be true, we do not find his testimony sufficient to defeat Metrospec’s summary judgment motion. Mr. Waites was a pest inspector, and we find no evidence in the record to indicate that he had any knowledge or experience in the area of building construction that would qualify him to offer testimony on the standard of care that Me-trospec owed the Hills.
The Hills’ claim alleging breach of contract fails for similar reasons. Mrs. Johnson, real estate agent for the Anglins, retained Metrospee’s services, and the closing statement reflects that the Anglins paid the bill for those services. There was no written agreement. The Hills may indeed have had contractual rights as third-party beneficiaries of the contract for services between the sellers and Metrospec. See Rumford v. Valley Pest Control, Inc., 629 So.2d 623 (Ala.1993). However, no evidence in the record indicates that Metrospec breached its duty under that contract with the Anglins.
The Hills’ claims alleging fraudulent suppression, fraudulent concealment, and the tort of outrage must also fail because these *213 claims are completely unsupported by the evidence contained in the record. There is no evidence that Metrospec knew or should have known of the existence of any of the structural defects the Hills discovered in their home after Metrospec had performed the inspection.
Finally, the Hills argue that the trial court erred in awarding attorney fees under the Alabama Litigation Accountability Act. They contend that when the final judgment was entered, the trial court failed to retain jurisdiction to consider the pending motion for attorney fees.
This court has held that the trial court must award attorney fees under the Act as a part of its final judgment, unless the court specifically reserves jurisdiction to consider the issue of attorney fees at a later date. Donnell Trucking Co. v. Shows, 659 So.2d 667 (Ala.Civ.App.1995). This is true even when there is a motion for attorney fees pending at the time the trial court enters the final order. Id. We find the facts presented here to be distinguishable from the facts of the Donnell ease, however. Here, Metrospec filed its first motion for fees and costs with its initial responsive pleadings. A petition for fees and costs was subsequently filed on January 10, 1997, after the entry of the summary judgment in favor of Metrospec, but before a final order had been entered in the case. At that time the petition was set for a hearing on March 4,1997; on that date, and after the hearing had taken place, the judge dismissed the ease with prejudice, upon the motion of the parties who had entered into the settlement agreement. In dismissing the ease, the judge entered the following order:
“On motion of the parties, this ease is dismissed with prejudice.
“Done and Ordered the 4th day of March, 1997.”
The judge subsequently ruled on the petition for fees and costs under the Act, entering the following order:
“This matter is before the Court on PETITION OF DEFENDANTS, Metrospec, Inc., and Ben Hill, for fees and costs pursuant to the ALABAMA LITIGATION ACCOUNTABILITY ACT.
“On October 10,1996, this Court entered an Order granting the summary judgment in favor of these Defendants and against the Plaintiffs. However, nothing in the Judgment indicated that it was a final judgment pursuant to Rule 54(b) of the Alabama Rules of Civil Procedure.
“Prior to the entry of this Order, on March 14,1995, these Defendants had filed a request for fees and costs.
“On January 14, 1997, this Court entered an Order setting a hearing on the petition of the Defendants for March 4, 1997. On that day, the Court heard argument with respect to this motion and also, at that time, entered a written order dismissing this case with prejudice.
“This Court has carefully reviewed the ease of Donnell Trucking Co. v. Shows, 659 So.2d 667 on the issue of whether the petition for attorneys’ fees is timely filed and considered by the Court after a ‘final judgment’ is entered pursuant to a Motion for Summary Judgment. It appears to this Court that the Defendants, Metrospec and Hill, have sufficiently preserved for this Court jurisdiction to entertain this motion.
“After considering evidence submitted by said Defendants, the Court finds that this lawsuit was brought without substantial justification or excuse and that said Defendants are entitled to attorneys fees and costs. Judgment is rendered in favor of the Defendants, Metrospec, Inc. and Ben Hill, for fees and costs against the Plaintiffs in the amount of $8,785.60.
“Done and ordered this 14th day of April, 1997.”
We note that it was not until the remaining defendants had moved to dismiss the case with prejudice, after reaching a settlement agreement, that the trial court entered an order dismissing the ease, thereby making the summary judgment in favor of Metrospec a final order. For this reason, any order entered by the trial court awarding attorney fees prior to the entry of the March 4, 1997, order of dismissal would have been premature. Metrospec’s hearing on its pending *214 petition for fees and costs had taken place, when the order dismissing the case wás entered as to the other defendants, and the court had taken the matter of the award of attorney fees under the Act under advisement for a later ruling. From the facts presented, it clearly appears that the trial court intended to reserve jurisdiction on the issue of attorney fees under the Act.
The Hills further argue that the trial court’s order granting attorney fees under the Alabama Litigation Accountability Act was deficient because it lacked required findings. Our Supreme court has held that when a trial court awards attorney fees under the Alabama Litigation Accountability Act and states as grounds therefor that the lawsuit was filed “without substantial justification,” the court is required to set forth “the legal or evidentiary support for its determination ..., either by drafting a separate written order or by having these findings transcribed for the official record.” Pacific Enterprises Oil Co. (USA) v. Howell Petroleum Carp., 614 So.2d 409, 418 (Ala.1993). The Pacific Enterprises opinion explained that if the court makes a determination of “without substantial justification,” based on factual determinations, that finding will not be disturbed on appeal “unless it is clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence.” Id. However, the court also noted that if the trial court determined an action to have been filed “without substantial justification because it is groundless in law, that determination vrill not be entitled to a presumption of correctness. Rather, the appellate courts of this State will test the validity of the trial court’s legal conclusion.” Id. From a review of the judge’s order, we are unable to discern what factual evidence or legal basis the court relied on in making its determination. Thus, we are unable to make any determination regarding the propriety of an award of attorney fees under Ala.Code 1975, § 12-19-270, or the amount of the attorney fees awarded in this matter. We therefore have no alternative to reversing the trial court’s determination that the claim against Metrospec was filed “without substantial justification” and remanding the cause for the trial court to make the required findings.
Based on the foregoing, we affirm the summary judgment in favor of Metrospec; we reverse the award of attorney fees under the Alabama Litigation Accountability Act; and we remand this case for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
MONROE and CRAWLEY, JJ., concur.
ROBERTSON, P.J., and YATES, J., concur in the result.