PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CIVIL APPEALS
Cody Hill and Ginger Hill, husband and wife, filed an action against Metrospec, Inc., and its president, Ben Hill, Jr., as well as a number of other parties. Their action related to their purchase of a home that had serious structural damage caused by an infestation of wood-boring insects. The Hills alleged breach of contract, negligent and intentional misrepresentation, suppression, negligence, conspiracy, and the tort of outrage.
After the close of discovery, the circuit court entered a summary judgment in favor of Metrospec and Ben Hill. The remaining defendants settled with the plaintiffs and obtained a general release.[1] After dismissing that portion of the case not dealt with by the summary judgment, the circuit court held that the claims against Metrospec and Ben Hill had been filed without substantial justification and awarded Metrospec and Ben Hill $8,785.70 in fees, pursuant to the Alabama Litigation Accountability Act ("ALAA"). *Page 216 
The plaintiffs appealed. The Court of Civil Appeals affirmed the summary judgment, reversed the fee award, and remanded for a finding of fact with respect to the fee award. Hill v. Metrospec, Inc., [Ms. 2960793, December 12, 1997] 730 So.2d 209
(Ala.Civ.App. 1997). This Court granted certiorari review. We hold that the plaintiffs' claims against Ben Hill and Metrospec alleging breach of contract, negligent misrepresentation, and negligence were supported by substantial evidence; that the fee award was an abuse of discretion; and that the issue regarding the court's jurisdiction to award such a fee is moot.
The evidence, when viewed in a light most favorable to Cody and Ginger Hill, tends to show that in December 1997 the Hills contracted to buy a pine-log home from John Anglin and Terry Anglin. The contract required the Anglins to provide a pest-inspection report in a form approved by the Veterans Administration, which was insuring the Hills' loan. During the pest inspection, Douglas Waites, a licensed pest inspector, discovered a severe infestation of wood-boring beetles in the walls of the house. Waites prepared an "Alabama Wood Infestation Report," which contained a diagram of the house. Waites testified that he placed X's on the diagram to depict the areas of infestation.
The Hills were not told about the infestation until they appeared at the real estate closing. The attorney who had prepared the sale documents was not present at the closing, and that attorney's secretary and the real-estate agent provided the Hills a rushed explanation of the various closing documents. When the Hills learned of the infestation, they demanded that a licensed contractor inspect the house to determine whether the wood-boring beetles had caused structural damage to the house. The real-estate agent then produced a letter from Metrospec, signed by Ben Hill, who was a licensed contractor and a friend of the real-estate agent (and no relation to the plaintiffs). That letter stated:
 "The purpose of this inspection was to ascertain and assess any structural damage that may have been caused by the wood-boring insects mentioned in the [Alabama Wood Infestation Report] by Mr. Doug Waites of Twin City Termite and Pest Control Co.
 "Upon a thorough visual inspection of the indicated areas [as shown on the diagram of the Alabama Wood Infestation Report], I found no structural damage that would indicate a compromise in the integrity [of] the floor system or any of its components."
Cody and Ginger Hill were required to initial a number of documents, including the letter from Ben Hill. Relying on the Metrospec report, the Hills proceeded with the closing. After the closing, the Hills encountered a number of problems with the house, including structural damage from wood-boring insects.
Before considering whether there is a conflict among the cases with respect to a circuit court's jurisdiction to consider a fee award under the ALAA, the Court must determine whether Cody and Ginger Hill presented substantial evidence tending to prove that Ben Hill and Metrospec breached a contract with the Hills, conducted a negligent inspection, negligently or intentionally misrepresented that the house had no structural damage, suppressed the fact that there was structural damage, engaged in a conspiracy, or committed the tort of outrage. The Court of Civil Appeals questioned whether Ben Hill and Metrospec had any legal duty to the Hills, given that Metrospec had been retained by the real-estate agent and the sellers. That court then concluded that, even if there was such a duty, there was no evidence that the inspection conducted by Ben Hill and Metrospec was deficient:
 "Mr. Joines, the inspector retained by the Hills, testified that when he is hired to inspect homes in which [a] prior infestation had been detected by a pest control company, it is his customary practice to limit his inspection to areas specifically documented on the wood-infestation report and/or attached diagrams. The Hills provided no expert testimony, nor proof of any kind, to show that the inspection conducted by Metrospec was deficient or that the results it reported were inaccurate."
Hill v. Metrospec, 730 So.2d at 212. *Page 217 
The Court of Civil Appeals reasoned that there was no negligence because (a) Metrospec was retained to inspect the areas marked by X's on the Alabama Wood Infestation Report, and (b) Ben Hill had, in fact, inspected the three designated areas and correctly found no structural damage in those areas. Id.
A home buyer may prove that a pest inspector hired by the seller, or by the seller's real-estate agent, has a duty to the buyer to use reasonable care in the inspection, where the buyer shows that the inspector knew the purpose of the inspection and knew that his "letter of clearance" would be presented to, and was for the benefit of, the buyer. Savage v. Wright, 439 So.2d 120,123 (Ala. 1983). We see no reason that the rationale in Savage should not apply to a structural inspection by a licensed contractor. Moreover, in this type of situation, the Hills could be found to be third-party beneficiaries of the contract between the real-estate agent and the sellers, on the one hand, and Metrospec, on the other. See Rumford v. Valley Pest Control, Inc.,629 So.2d 623 (Ala. 1993).
Douglas Waites, the pest inspector, testified by deposition that the X's on his diagram indicated an infestation in the walls of the house and not in the crawl space underneath the house. Ben Hill inspected only the crawl space of the house because, he stated, he thought the X's indicated an infestation in the crawl space.
Ben Hill testified that when he conducts a structural inspection he tries to find evidence of the infestation the original pest inspector found and noted on the Alabama Wood Infestation Report. A jury could reasonably conclude that when Ben Hill did not find evidence of an infestation in the crawl space or in the flooring system, he was put on notice that either the diagram was inaccurate or he had misinterpreted the diagram, and that Ben Hill should have either expanded his inspection or contacted Waites to determine the true area of infestation. A jury could find that Ben Hill's failure to do either of these things constituted a breach of a duty he and Metrospec owed to Cody and Ginger Hill to use reasonable care in inspecting the home for structural damage.
Cody and Ginger Hill presented substantial evidence requiring that the negligence claim be submitted to the jury. The same evidence supports the Hills' claims alleging breach of contract and negligent misrepresentation. The Court of Civil Appeals failed to view this evidence in the light most favorable to the Hills and failed to resolve all reasonable doubts against Metrospec and Ben Hill. Its affirmance of the summary judgment on these three counts conflicts with Hanners v. Balfour Guthrie, Inc., 564 So.2d 412
(Ala. 1990), and we must reverse the judgment as it relates to the negligence, breach-of-contract, and negligent-misrepresentation claims. We agree, however, that Cody and Ginger Hill did not present substantial evidence tending to prove that Ben Hill and Metrospec had known of the structural damage in the walls or intentionally inspected the wrong area of the house in a concerted effort to mislead the Hills. The summary judgment, as it relates to the outrage claim, the conspiracy claim, the suppression claim, and the intentional-misrepresentation claim, is due to be affirmed.
Ben Hill and Metrospec argue that the Court of Civil Appeals erred by reversing the award of attorney fees made pursuant to the ALAA, § 12-19-272, Ala. Code 1975, and remanding the cause for a finding of fact with respect to the fee award. Cody and Ginger Hill argue that`the circuit court failed to preserve its jurisdiction to award such a fee after entering the summary judgment. See Donnell Trucking Co. v. Shows, 659 So.2d 667
(Ala.Civ.App. 1995). It is implicit in our partial reversal of the summary judgment that we find Cody and Ginger Hill had substantial justification for naming Ben Hill and Metrospec as defendants in this action and that the circuit court abused its discretion in awarding a fee under the ALAA to Metrospec and Ben Hill. We need not address the issue of the circuit court's jurisdiction to award such a fee, because the issue is now moot.
The judgment of the Court of Civil Appeals affirming the summary judgment is *Page 218 
reversed as to Cody and Ginger Hill's negligence, breach-of-contract, and negligent-misrepresentation claims. The Court of Civil Appeals' judgment is affirmed insofar as it affirmed the summary judgment as to the suppression, intentional-misrepresentation, conspiracy, and outrage claims. The Court of Civil Appeals' reversal of the award of an attorney fee under the ALAA is affirmed, for the reasons stated above; that court's judgment is reversed to the extent that it remanded the case for further proceedings under the ALAA. Metrospec and Ben Hill's request that this Court award an attorney fee for their having to defend a "frivolous" appeal is not well taken and is denied. We pretermit discussion of the issue regarding the circuit court's jurisdiction to award a fee under the ALAA, because that issue is moot.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
Hooper, C.J., and Maddox, Shores, Houston, Kennedy, Cook, and Lyons, JJ., concur.
[1] Metrospec and Ben Hill argue that the general release inures to their benefit; that the plaintiffs have no standing to appeal; and thus that Ben Hill and Metrospec are entitled to fees for the Hills' filing a "frivolous" appeal. Metrospec relies on Baker v. Ball, 473 So.2d 1031 (Ala. 1985), one of a line of cases that this Court expressly overruled in Ford Motor Co. v. Neese,572 So.2d 1255, 1256-57 (Ala. 1990). Metrospec and Ben Hill have failed to produce substantial evidence indicating that the parties to the general release intended to release Metrospec and Ben Hill as well.