CRAWLEY, Judge.
This is the second time these parties have been before this court. See Malone v. Malone, (No. 2010077, Nov. 22, 2002) — So.2d - (Ala.Civ.App.2002) (table) (“Malone I ”). At issue in Malone I was the propriety of the summary judgment entered in favor of Vernon Lewis Malone (“the husband”) against Brenda Young Malone (“the wife”) on the wife’s action seeking to set aside the parties’ 1997 divorce judgment on the grounds that the judgment was secured by means of a fraud on the court and on her petition to modify the divorce judgment seeking postminority educational support for the parties’ son. At issue in the present appeal is the propriety of the trial court’s award of $15,000 in attorney fees to the husband under the Alabama Litigation Accountability Act (“ALAA”), codified at Ala.Code 1975, § 12-19-270 et seq. A recitation of the lengthy procedural history of the two actions filed by the wife is necessary to the resolution of this appeal.
The parties were divorced in May 1997 after nearly 30 years of marriage. The parties mediated the property settlement and alimony issues, and their resulting settlement agreement was incorporated into the divorce judgment. In August 2000, the wife filed a verified petition, pursuant to Rule 60(b), Ala. R. Civ. P., to set aside *111 the divorce judgment on the grounds of fraud and fraud on the court, because, she alleged, the husband had made several misrepresentations to induce her to enter the settlement agreement, which the court incorporated into the divorce judgment (case number CV-00-787) (“the Rule 60(b) action”). In September 2000, the wife filed a petition to modify the divorce judgment, requesting that the husband be ordered to pay for the son’s postminority educational expenses, including postgraduate studies (case number DR-96-352.02) (“the modification action”).
The husband filed a motion to dismiss the wife’s Rule 60(b) action; that petition was denied. He also filed a motion to dismiss, or, in the alternative, for a summary judgment, in the modification action. The trial court dismissed the modification action insofar as it requested postgraduate postminority educational support; it denied the motion to dismiss, or, in the alternative, for a summary judgment, on the basic postminority-educational-support issue. Finally, the trial court consolidated the actions into CV-00-787. The actions were set for trial on September 10, 2001. However, at various times, filings made in the modification action were not reflected on the case action summary sheet for the Rule 60(b) action. Therefore, we will address the filings in each action separately.
The husband filed a motion for sanctions pursuant to the ALAA on February 9, 2001, arguing that both the modification action and the Rule 60(b) action had been filed without substantial justification. In June 2001, the wife filed her first amendment to her petition in the Rule 60(b) action, which appeared to restate her fraud allegations and requested punitive damages; she also filed a jury demand. She later filed a second amendment to her petition in the Rule 60(b) action, in which she stated with more particularity exactly what facts the husband had allegedly fraudulently suppressed or misrepresented while the divorce proceeding was pending and during the mediation of the settlement agreement. That amendment was filed on August 30, 2001, less than 42 days before the date set for trial. On the same day, the wife also filed an amendment to her petition in the modification action.
On August 30, the husband filed a motion for a summary judgment, requesting a summary judgment as to the allegations raised in the Rule 60(b) action. The wife responded to the husband’s summary-judgment motion. On September 5, the husband filed a motion to dismiss the wife’s second amendment to the petition in the Rule 60(b) action. In that motion, the husband argued that the wife’s second amendment had been filed too late — less than 42 days before trial. On September 13, he filed a motion to dismiss the amendment to the petition in the modification action on the same ground.
The trial court entered a summary judgment as to all claims in both actions on September 7, 2001. On September 10, 2001, the trial court entered an order setting “all remaining issues for trial on November 16, 2001.” The husband filed a motion for clarification of the trial court’s September 7 judgment, explaining his belief that no issue remained for trial unless the trial court considered the issues raised by the wife’s late amendments to be pending and requesting that the trial court dismiss those amendments as untimely filed; the trial court purported to grant that motion on November 27.
The wife filed two notices of appeal on October 15. She appealed the summary judgment in the modification action to this court (appeal number 2010167). She appealed the summary judgment in the Rule 60(b) action (appeal number 2010077) to the Alabama Supreme Court, which trans *112 ferred the ease to this court, pursuant to Ala.Code 1975, § 12-2-7(6). The appeals were then consolidated, and we affirmed the summary judgments without an opinion. Malone I.
On February 14, 2002, well after the wife filed her notices of appeal, the trial court granted the husband’s motion for attorney fees pursuant to the ALAA, awarding him $15,000 in fees. The wife now appeals that order. We dismiss the appeal.
The wife’s primary argument on appeal is that the trial court did not have jurisdiction to award the husband attorney fees after the entry of the summary judgments in September 2001 because the trial court failed to reserve jurisdiction to entertain the ALAA motion. See Meek v. Diversified Prods. Corp., 575 So.2d 1100, 1103 (Ala.1991); Donnell Trucking Co. v. Shows, 659 So.2d 667, 669 (Ala.Civ.App.1995); Baker v. Williams Bros., 601 So.2d 110, 112 (Ala.Civ.App.1992). She also argues that trial court had no jurisdiction to entertain the motion while her appeal of the summary judgments was pending in this court. See Horton v. Horton, 822 So.2d 431, 434 (Ala.Civ.App.2001) (explaining that once an appeal is taken, a trial court loses jurisdiction to act except on collateral matters and reiterating the principle that jurisdiction over a case may be in only one court at a time). She also points out that the trial court’s order is clearly deficient because (1) it does not make the necessary findings that the wife’s actions were brought without substantial justification, (2) it fails to state the grounds it relied upon in making that determination, and (3) it fails to enumerate the evidentiary support for that determination. See Pacific Enters. Oil Co. (USA) v. Howell Petroleum Corp., 614 So.2d 409, 418 (Ala.1993).
The husband argues that the trial court, when it granted his summary-judgment motion, entered a summary judgment on his ALAA attorney-fee request as well. Thus, he reasons, the trial court’s summary judgment did not result in the trial court’s losing jurisdiction over the ALAA request. However, this argument ignores the requirement that a trial court, in granting attorney fees under the ALAA, must make several specific findings. See Pacific Enters. Oil Co., 614 So.2d at 418. The trial court’s summary-judgment order, which is an order typed on the case action summary sheet, does not mention that the trial court is ruling on an award of attorney fees or costs under the ALAA or state that it intended to reserve jurisdiction over that matter, see Donnell Trucking Co., 659 So.2d at 669, and it does not find that the wife’s actions were brought without substantial justification and does not enumerate the grounds and evidentiary support for such a finding. The statute requires that an order awarding attorney fees under the ALAA contain those findings. Pacific Enters. Oil Co., 614 So.2d at 418. Thus, we cannot conclude that the trial court’s summary-judgment order granted the husband’s ALAA motion or that it reserved jurisdiction over the issue.
The husband also argues that the wife’s purported August 30 amendments added claims that remained pending in the trial court, thus preventing the summary judgment from being final. Interestingly, the husband notes in a footnote in his brief to this court that he did not make this argument in his brief in the appeals numbered 2010077 and 2010167. We have concluded, however, that the wife’s August 30 amendments were filed too late to add any claims to either the Rule 60(b) or the modification action.
Rule 15(a), Ala. R. Civ. P., requires that a party desiring to amend a pleading less *113 than 42 days before trial must seek leave of the court; it states that leave will be granted “only upon a showing of good cause.” The comments to Rule 15 indicate that the rule “requires a written motion” seeking such leave and also requires notice to all parties. Rule 15, “Committee Comments on 1973 Adoption.” The wife did not seek leave of the court and did not present any ground upon which the trial court may have allowed such late amendments.[1] Therefore, the wife’s purported amendments were never “allowed” and did not serve to inject additional claims. Accordingly, we do not agree that the trial court’s summary judgment was not a final judgment.
We agree with the wife that the trial court lost jurisdiction to entertain the husband’s ALAA motion 30 days after entering the summary judgment in September 2001 because it failed to specifically reserve jurisdiction over that issue. Donnell Trucking Co., 659 So.2d at 669. The trial court’s attempt to award attorney fees five months after the entry of the summary judgment is void. Id. Because a void judgment will not support an appeal, Veteto v. Yocum, 792 So.2d 1117, 1119 (Ala.Civ.App.2001), we dismiss the husband’s appeal. The trial court is instructed to vacate its order awarding the husband $15,000 in attorney fees pursuant to the ALAA.
APPEAL DISMISSED.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur.

. The husband objected to the wife's amendments. We note that the trial court, after the wife’s notices of appeal in 2010077 and 2010167 were filed, purportedly "dismissed” the wife's late-filed amendments.