In 1987 Guy Baker filed a complaint against Eufaula Concrete Company, Inc., two of its officers, and Williams Brothers Inc., n/k/a Blue Circle, Inc., alleging, among other things, trespass and wrongful use of land.
In 1988 Williams Brothers filed a motion for summary judgment, which was granted. Williams Brothers also filed a motion to assess attorney's fees and costs. However, before the motion was heard, the parties executed a release wherein Baker agreed not to appeal the summary judgment and Blue Circle agreed to waive its right to proceed for attorney's fees and court costs. The parties further agreed that the release agreement was "in lieu of either party proceeding with litigation on their respective claims" in order to "avoid further litigation and expense arising out of the above styled action."
Baker was granted a jury trial on his complaint against the remaining defendants. However, at trial the court granted a directed verdict in favor of the defendants. The verdict was appealed to the Alabama Supreme Court and subsequently reversed.
After the case was remanded to the trial court, Baker filed an amended complaint naming Blue Circle, Inc. as a defendant to one of the counts in the original complaint. Blue Circle filed a motion for summary judgment, based on the agreement previously entered into by the parties. The motion was granted and Baker appealed. The supreme court affirmed the trial court, holding that the agreement between the parties was binding, and barred further litigation of the amended count against Blue Circle. Blue Circle subsequently filed a motion to assess attorney's fees and costs pursuant to the Alabama Litigation Accountability Act (ALAA), codified at §§ 12-19-270, through -276, Code 1975. After a hearing, the trial court granted the motion and entered an order awarding $7,500 in fees and costs which were incurred both in the circuit court proceedings and on appeal to the supreme court The appeal to this court resulted.
The dispositive issue is whether the trial court lacked subject matter jurisdiction to enter an award of attorney's fees and costs under the ALAA. Baker points out that the defendant's motion was not filed until the supreme court affirmed the trial court's granting of summary judgment, nine months after the trial court had rendered its final decree. Baker argues that the trial court lost jurisdiction over the case after it was appealed and ultimately affirmed, and thus could not rule on any further issue in the case unless it specifically reserved jurisdiction to do so.
The ALAA provides, in pertinent part:
 "(a) . . . [I]n any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment and in *Page 112 
addition to any other costs otherwise assessed, reasonable attorneys' fees and costs against any attorney or party, or both, who has brought a civil action, or asserted a claim therein, or interposed a defense, that a court determines to be without substantial justification. . . .
". . . .
 "(c) The court shall assess attorneys' fees and costs against any party or attorney if the court, upon the motion of any party or on its own motion, finds that an attorney or party brought an action or any part thereof, or asserted any claim or defense therein, that is without substantial justification. . . ."
§ 12-19-272, Code 1975 (emphasis added).
When plain language is used in a statute, it must be interpreted to mean exactly what it says. Ex parte MadisonCounty, 406 So.2d 398 (Ala. 1981). The plain language of §12-19-270 states that the court must make its award of attorney's fees under the Act as part of its judgment on the merits of the case, "in addition" to other costs assessed against a frivolous litigant. The statute does not create a new or separate cause of action to be brought after a case is litigated and given a final adjudication on its merits; rather, it indicates that the motion must be made during the pendency of the case.
In Meek v. Diversified Prods. Corp., 575 So.2d 1100 (Ala. 1991), the Alabama Supreme Court addressed the issue of the trial court's jurisdiction to award attorney's fees under the ALAA. In that case, an employee filed a workmen's compensation action and was awarded certain benefits for his on-the-job injury. The employee then filed a second suit alleging that he had been wrongfully discharged from the job. The employer filed a motion for summary judgment, arguing that the matters to be proven in the second suit were res judicata. During the hearing on summary judgment, the employer requested permission from the court to file a motion under the ALAA for attorney's fees. The trial court granted summary judgment to the employer and, after a separate hearing on the ALAA motion, entered a judgment against the employee for attorney's fees and costs. The employee then challenged this award in the Alabama Supreme Court, arguing that the trial court's jurisdiction over the matter terminated when the judgment was made final and not appealed.
The supreme court held that, because the employee's motion for attorney's fees under the ALAA was raised and granted during the summary judgment proceeding itself, the court had effectively reserved jurisdiction to hear the employer's claim even after the summary judgment was entered and made final.
As interpreted by the supreme court, the ALAA provides for the trial court to consider the outcome of the proceedings in determining whether a party's action was without substantial justification. For this reason, it is within the court's discretion to hold a separate hearing on an ALAA petition after the entry of final judgment on the merits, provided that the court retained jurisdiction to do so. Meek. Otherwise, a final judgment puts an end to all controversies litigated or which ought to have been litigated within the particular controversy.Vacalis v. Lowery, 279 Ala. 264, 184 So.2d 345 (1966).
In this case, the motion for attorney's fees was not made during the pendency of the frivolous claim, but instead was filed after the matter was conclusively adjudicated and affirmed on appeal. In view of the plain language of the statute, as well as the supreme court's holding inMeek, we must conclude that the trial court did not have jurisdiction to hear a motion under the ALAA at that stage. Consequently, its award of attorney's fees to Blue Circle is void and will not support an appeal to this court. Straszewiczv. Gallman, 342 So.2d 1322 (Ala.Civ.App. 1977). This appeal is hereby dismissed.
APPEAL DISMISSED.
All the Judges concur. *Page 113