CRAWLEY, Judge.
In January 1992, Belinda Kay McKinnon filed a complaint against Clarence L. MeDor-man, alleging that MeDorman had committed legal malpractice. Naomi H. Archer and C. Michael Quinn of the law firm Gordon, Sil-berman, Wiggins, and Childs represented McKinnon in the action against MeDorman. MeDorman filed a motion for summary judgment, which the trial court granted. Meanwhile, Quinn had filed a motion to withdraw as counsel, which the trial court also granted. MeDorman then filed a motion to assess attorney fees against Archer, Quinn, and the law firm, pursuant to the Alabama Litigation Accountability Act (ALAA), Ala.Code 1975, §§ 12-19-270 through -276. The trial court denied McDorman’s motion for attorney fees, and MeDorman appeals.
We conclude that the trial court properly denied McDorman’s motion for attorney fees, because it did not have jurisdiction to award them pursuant to the ALAA. This court has stated:
“The plain language of § 12-19-270 states that the court must make its award of attorney’s fees under the Act as part of its judgment on the merits of the case, ‘in addition’ to other costs assessed against a frivolous litigant. The statuté does not create a new or separate cause of action to be brought after a case is litigated and given a final adjudication on its merits; rather, it indicates that the motion must be made during the pendency of the case.”
Baker v. Williams Brothers, Inc., 601 So.2d 110, 112 (Ala.Civ.App.1992). The motion for attorney fees was made after the summary judgment had been entered; therefore, it was made after the final adjudication on the merits. Thus, the trial court had no jurisdiction to award attorney fees.
AFFIRMED.
*113 ROBERTSON, P.J., and THIGPEN and YATES, JJ., concur.
MONROE, J., recused.