CRAWLEY, Judge.
In May 1991, Alabama First Insurance Company (“Alabama First”) filed a complaint for a declaratory judgment against James W. Hall and American Indemnity Group (“American”), requesting that the trial court determine its liability for a claim Hall made on an insurance policy. Hall answered and filed a cross-claim against American and a counterclaim against Alabama First. In October 1991, Hall amended his cross-claim to seek damages for breach of contract, bad faith refusal to pay an insurance claim, fraud, and the tort of outrage. On February 26, 1993, American filed a motion for attorney fees pursuant to the Alabama Litigation Accountability Act (“ALAA”), Ala.Code 1975, § 12-19-270 et seq. On March 1, 1993, the trial court entered a summary judgment in favor of American as to the claims of bad faith, fraud, and the tort of outrage, but denied American’s summary judgment motion as to the issue of coverage pursuant to the policy.
The trial court eventually entered a summary judgment in favor of American on the issue of coverage. The Supreme Court affirmed that judgment. Hall v. American Indemnity Group, 648 So.2d 556 (Ala.1994). After the Supreme Court released its decision, the trial court awarded American attorney fees pursuant to the ALAA for the expense in defending the claims of bad faith, fraud, and outrage. Hall appealed the award of attorney fees to the Supreme Court, which transferred the case to this court pursuant to Ala.Code 1975, § 12-2-7(6). Alabama First is not a party to this appeal.
Hall argues that the trial court did not have jurisdiction to award attorney fees pursuant to the ALAA because, he says, the trial court entered its summary judgment on February 16, 1993, the date of the summary judgment hearing. American also states that summary judgment was entered on February 16; however, the record reveals that the trial court entered the summary judgment as to all issues except coverage on March 1, 1993. Also, the trial court entered a summary judgment on the issue of coverage after American filed its motion for attorney fees. Therefore, American’s motion for attorney fees was filed before the entry of a final judgment, and the trial court had jurisdiction to award attorney fees to American. Baker v. Williams Brothers, Inc., 601 So.2d 110 (Ala.Civ.App.1992).
Hall alternatively argues that the trial court erred in awarding attorney fees to American. Section 12-19-273 states that the trial court “shall specifically set forth the reasons for such award” and shall consider certain factors in determining the amount of the award. Hall contends that the trial court failed to “specifically set forth the reasons” for the award to American. The trial court’s order states:
“This cause came on to be heard at the time scheduled for the hearing to determine attorney’s fees and after due consideration, the Court finds and hereby OR *222 DERS, ADJUDGES AND DECREES that American Indemnity Group should be and it hereby is awarded the sum of SIX THOUSAND SIX HUNDRED THIRTY POUR AND 25/100 DOLLARS ($6,634.25) up to the date of the summary judgment on fraud, bad faith and outrage.”
This court has held that an order stating “I am going to grant your attorney fees of five hundred dollars” did not satisfy the requirements of § 12-19-273. Karagan v. Bryant, 541 So.2d 21 (Ala.Civ.App.1989). Our supreme court has held that an order stating that attorney fees were appropriate pursuant to the ALAA because the case was filed “without substantial justification,” but without stating specific reasons for that finding, also does not satisfy § 12-19-273. Pacific Enterprises Oil Co. v. Howell Petroleum Corp., 614 So.2d 409 (Ala.1993). However, the Pacific Enterprises court further held that the required findings may be made by “drafting a separate order, or by having these findings transcribed for the official record.” Id. at 418.
In this case, the trial court did not set forth its reasons for awarding attorney fees in a separate order; however, the trial court did state reasons for awarding the attorney fees, and those findings were transcribed in the record, which is before this court on appeal. Therefore, in accordance with Pacific Enterprises, we must address the substantive issue of whether Hall filed his suit without substantial justification and in violation of the Act and whether the amount of attorney fees the trial court awarded to American is supported by the record and in accordance with the Act.
Hall had filed a claim with American on his home insurance policy, claiming that he had suffered water damage. American denied coverage because it determined that Hall’s property had suffered prior water damage, and, therefore, the damage was not covered by the policy. American’s policy on Hall’s property stated that it did not cover “freezing, thawing, pressure or weight of water or ice, whether driven by wind or not, to a fence, pavement, patio, swimming pool, foundation, retaining wall, bulkhead, pier, wharf, or dock_” The policy also excluded coverage of damage from “continuous or repeated seepage or leakage of water or stream over a period of time from within a plumbing, heating or air conditioning system or from within a household appliance....” Hall initially claimed that he had never had water damage on his property before he filed his claim. An investigator for American determined that Hall’s property had prior water damage, and American argued that Hall had not disclosed that prior “continuous or repeated seepage.” In fact, Hall, several years before filing suit against American, had filed an action against the previous owners regarding water damage and leakage into his basement. The trial court, in the instant case, determined that:
“[Hall] was trying to withhold information. I really think he was intentionally misleading them and the Court in his pleadings and he didn’t acknowledge it until he got caught when they went out and found the prior lawsuit.”
The trial court also stated that Hall's ease “was never a fraud, bad faith or outrage case.”
Section 12-19-272(a) provides as follows:
“(a) Except as otherwise provided in this article, in any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorneys’ fees and costs against any attorney or party, or both, who has brought a civil action, or asserted a claim therein, or interposed a defense, that a court determines to be without substantial justification, either in whole or in part.”
Section 12-19-271(1) defines “without substantial justification” as follows:
“(1) WITHOUT SUBSTANTIAL JUSTIFICATION. The phrase ‘without substantial justification’, when used with reference to any action, claim, defense or appeal, including without limitation any motion, means that such action, claim, defense or appeal (including any motion) is frivolous, groundless in fact or in law, or vexatious, or interposed for any improper purpose, including without limitation, to *223 cause unnecessary delay or needless increase in the cost of litigation, as determined by the court.”
Section 12-19-273 states that the trial court shall “exercise its sound discretion” in determining the amount of the attorney fees to be awarded and lists several factors, which are not exclusive, for the trial court to consider. Some of these factors are as follows:
“(1) The extent to which any effort was made to determine the validity of any action, claim or defense before it was asserted;
“(2) The extent of any effort made after the commencement of an action to reduce the number of claims being asserted or to dismiss the claims that have been found not to be valid;
“(3) The availability of facts to assist in determining the validity of an action, claim or defense;
[[Image here]]
“(5) Whether or not the action was prosecuted or defended, in whole or in part, in bad faith or for improper purpose;
“(6) Whether or not issues of fact, determinative of the validity of a parties’ claim or defense, were reasonably in conflict;
[[Image here]]
“(9) The amount or conditions of any offer of judgment or settlement in relation to the amount or conditions of the ultimate relief granted by the court....”
In view of the misrepresentations Hall made to American regarding the water damage to his home and his meritless cross-claims alleging bad faith, fraud, and outrage, we conclude that, pursuant to the ALAA, the trial court was well within its discretion in awarding attorney fees to American.
Hall finally argues that the amount of attorney fees the trial court awarded to American is not supported by the record. Counsel for American testified that American incurred a total of $14,136.62 in attorney fees in defending the suit against Hall. Counsel further testified that American had incurred $6,634.26 in attorney fees at the time the trial court entered summary judgment as to the issues of bad faith, fraud, and outrage, which is the amount the trial court awarded to American. We conclude that the trial court did not abuse its discretion in awarding that specific amount in attorney fees. Therefore, the judgment of the trial court is affirmed.
The appellee’s request for an attorney fee is denied.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.