COOK, Justice.
Steve and Debra Lewis, owners of real property on Dauphin Island, sued Mobil Oil Corporation, Inc. (“Mobil”), alleging that the corporation had taken natural gas from their property without just compensation. The trial court entered a summary judgment for Mobil. We affirm.
In 1992, the State Oil and Gas Board issued a series of orders that created a natural-gas field unit on and around Dauphin Island and governed the extraction of natural gas from this field. In 1998, Mobil began remitting to these plaintiffs and to *630 all other owners of property within the field all sums due as royalties for the production of natural gas.
Mobil moved for a summary judgment, supporting its motion with sworn testimony indicating that it had paid the plaintiffs all sums lawfully due them. This testimony included the affidavit of David Lomax, Mobil’s “auditor litigation accountant,” who stated that Mobil had paid the plaintiffs, and would continue to pay them, all moneys due under the orders governing production established by the State Oil and Gas Board.
Rule 56, Ala. R. Civ. P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine 1) that there is no genuine issue of material fact and 2) that the moving party is entitled to a judgment as a matter of law. In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. See Turner v. Systems Fuel, Inc., 475 So.2d 539, 541 (Ala.1985); Ryan v. Charles Townsend, Ford, Inc., 409 So.2d 784 (Ala.1981). Rule 56 is read in conjunction with the “substantial evidence rule” (§ 12-21-12, Ala.Code 1975), for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). In order to defeat a properly supported motion for summary judgment, the plaintiff must present “substantial evidence,” i.e., “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
When a party moves for a summary judgment and makes- a prima facie showing that no genuine issue of material fact exists, as the defendant did in the present case, the burden shifts to the non-movant to present “substantial evidence” supporting his position and creating a genuine issue of material fact. Bean v. Craig, 557 So.2d 1249, 1252 (Ala.1990). The plaintiffs did not carry their burden. Mobil made a prima facie showing that there was no genuine issue of material fact and that it was entitled to a judgment as a matter of law. The plaintiffs presented no evidence to contradict that showing. Their only response to that showing was to file a motion requesting that the trial court extend the time allowed them to respond to the motion for summary judgment. Two months later, the plaintiffs moved to amend their complaint; the trial court denied their motion. Even if the motion had been granted, the allegations in the amended complaint were contradicted by the evidence submitted in support of Mobil’s motion for summary judgment. The party opposing a motion for summary judgment may not merely rely upon the allegations and denials in pleadings in order to defeat a properly supported motion. Underwood v. Allstate Ins. Co., 590 So.2d 258, 259 (Ala.1991); Gallups v. Cotter, 534 So.2d 585, 588 (Ala.1988).
AFFIRMED.
HOOPER, C.J., and MADDOX, HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ„ concur.