MOORE, Judge.
 

 Liberty Mutual Insurance Company appeals from judgments entered by the Madison Circuit Court (“the trial court”) in favor of Greenway Enterprises, Inc. We dismiss the appeal in part and affirm in part.
 

 On January 9, 2006, Liberty Mutual sued Greenway, seeking to recover allegedly unpaid premiums due on a workers’ compensation and employers’ liability insurance policy Liberty Mutual had issued to Greenway. Greenway filed an answer on April 11, 2006, denying liability, asserting various affirmative defenses, and requesting that costs and fees be taxed against Liberty Mutual.
 
 [1]
 
 On March 22, 2007, Greenway moved for a summary judgment on Liberty Mutual’s claim for unpaid premiums, and the trial court set the motion for a hearing on May 18, 2007. On May 17, 2007, Liberty Mutual filed its opposition to the summary-judgment motion, along with a motion to allow it to file its opposition even though it was untimely,
 
 [2]
 
 and a motion to amend its responses to Greenway’s requests for admissions. During the hearing on the summary-judgment motion on May 18, 2007, Greenway moved to strike Liberty Mutual’s dilatory filings as untimely. The trial court denied Liberty Mutual’s motion to file its untimely opposition materials, granted Greenway’s motion to strike Liberty Mutual’s tardy opposition to its summary-judgment motion, and denied Liberty Mutual’s motion to amend its responses to Greenway’s requests for admissions. The trial court entered a summary judgment in favor of Greenway on May 22, 2007. The trial court subsequently vacated that summary judgment on its own motion and entered an amended summary judgment the same day, simply adding “costs are taxed as paid.”
 

 On May 29, 2007, Greenway moved the trial court to order Liberty Mutual to pay its costs and attorney fees. Greenway maintained in that motion that, pursuant to Rule 54(d), Ala. R. Civ. P., it should recover costs and that, pursuant to the insurance contract between the parties and because Liberty Mutual had filed a frivolous complaint in violation of the Alabama Litigation Accountability Act (“the ALAA”), Ala.Code 1975, § 12-19-270 et seq., it should recover attorney fees. On June 7, 2007, Liberty Mutual filed a motion to alter, amend, vacate, or set aside the May 22, 2007, summary judgment. The trial court set those motions for a hearing to take place on July 12, 2007, but the trial court continued the hearing at Greenway’s request and reset the hearing to August 16, 2007. On June 28, 2007, Greenway filed an opposition to Liberty Mutual’s motion to alter, amend, vacate, or set aside. On August 2, 2007, Liberty Mutual’s counsel informed the trial court of a scheduling conflict, which prompted the trial court to reschedule the August 16, 2007, hearing to October 1, 2007. On August 10, 2007, Greenway filed a “motion requesting court to rule on pleadings in lieu of hearing.” Liberty Mutual filed an
 
 *55
 
 objection to that motion on August 14, 2007. On October 1, 2007, the trial court granted Greenway’s motion to continue the hearing and reset the case for “trial” to take place on October 22, 2007. The trial court then reset the case for “trial” to take place on November 19, 2007.
 
 [3]
 
 On November 16, 2007, Liberty Mutual filed its memorandum of law in support of its motion to alter, amend, vacate, or set aside the summary judgment, as well as its opposition to Greenway’s motion to tax costs and attorney fees. Greenway moved to strike those filings as untimely.
 

 On November 19, 2007, the trial court conducted a hearing on the various pending motions. The trial court entered an order on November 80, 2007, denying Liberty Mutual’s motion to alter, amend, vacate, or set aside the summary judgment and granting Greenway’s motion to tax costs and attorney fees. The trial court directed Greenway to submit a proposed judgment to include additional costs and attorney fees incurred by Greenway since the filing of its motion to tax costs and fees. On December 4, 2007, Greenway submitted an affidavit of its attorney along with a proposed order. The trial court entered an order on December 12, 2007, awarding Greenway $571.10 in costs and $4,081.39 in attorney fees. Liberty Mutual filed its notice of appeal on January 22, 2008.
 

 On December 4, 2008, Liberty Mutual filed its appellate brief with this court, arguing that the trial court had erred in denying its motion to amend its responses to Greenway’s requests for admissions, in granting Greenway’s motion for a summary judgment, and in awarding Green-way attorney fees under the ATA A. Following the filing of Greenway’s appellee’s brief and Liberty Mutual’s reply brief, this court, on February 2, 2009, directed the parties to further brief the court regarding the timeliness of Liberty Mutual’s appeal and the validity of the December 12, 2007, judgment taxing costs and assessing attorney fees against Liberty Mutual.
 
 [4]
 
 Liberty Mutual filed its letter brief on February 18, 2009, and Greenway filed its letter brief on February 17, 2009.
 

 We cannot address the issues raised by Liberty Mutual regarding the May 22, 2007, summary judgment. That judgment conclusively determined all the issues before the court and put an end to the proceedings, leaving nothing for further adjudication except Greenway’s request in its answer for the imposition of costs and fees. Rule 58(c), Ala. R. Civ. P., states, in pertinent part, that “[t]he entry of the judgment or order shall not be delayed for the taxing of costs.” Hence, the failure to tax costs did not affect the finality of the summary judgment.
 
 Holman v. Bane,
 
 698 So.2d 117, 119 (Ala.1997). Pursuant to caselaw, the failure to award attorney fees also does not render the summary judgment nonfinal.
 
 See Gonzalez, LLC v. DiVincenti,
 
 844 So.2d 1196, 1201 (Ala.2002) (holding a summary judgment to be final although motion to assess attorney fees remained pending because award of attorney fees is collateral to judgment).
 

 Pursuant to Rule 4(a)(1), Ala. R.App. P., Liberty Mutual had 42 days from the date of the entry of the summary judgment to
 
 *56
 
 file its notice of appeal. Liberty Mutual tolled that time by filing its postjudgment motion pursuant to Rule 59, Ala. R. Civ. P., on June 7, 2007.
 
 See
 
 Rule 4(a)(3), Ala. R.App. P. That motion was deemed denied by operation of law on September 5, 2007.
 
 See
 
 Rule 59.1, Ala. R. Civ. P. (stating that Rule 59 motion generally is denied by operation of law if not granted within 90 days of its filing). Thus, the time for filing a notice of appeal from the summary judgment expired on October 17, 2007. Because Liberty Mutual did not file its notice of appeal until January 22, 2008, we cannot consider any error alleged by Liberty Mutual relating to the summary judgment. Therefore, we dismiss Liberty Mutual’s appeal insofar as it relates to the May 22, 2007, summary judgment.
 

 Liberty Mutual did, however, timely file a notice of appeal from the December 12, 2007, judgment. That judgment constitutes a final judgment regarding the collateral issues of costs and attorney fees that will itself support an appeal.
 
 See James River Corp. v. Bolton,
 
 14 So.3d 868, 871 n. 3. (Ala.Civ.App.2008) (holding that judgment establishing amount of attorney fees previously awarded is a final judgment).
 
 [5]
 
 Hence, Liberty Mutual properly invoked this court’s jurisdiction to consider the propriety of that award.
 

 Liberty Mutual argues that the trial court violated Ala.Code 1975, § 12-19-273, a part of the ALAA, and
 
 Pacific Enterprises Oil Co. (USA) v. Howell Petroleum Corp.,
 
 614 So.2d 409 (Ala.1993), by failing to set out the reasons for its award of attorney fees in specific findings of fact. Liberty Mutual maintains further that the trial court did not have sufficient evidence before it to conclude that Liberty Mutual had filed its complaint against Greenway “without substantial justification,” as is required to justify an award of attorney fees under the ALAA.
 
 See
 
 Ala.Code 1975, § 12-19-272(a). However, Liberty Mutual overlooks that Greenway sought attorney fees on two alternate and independent grounds. In its May 29, 2007, motion, Greenway requested the trial court to impose attorney fees either under the ALAA or under the terms of its insurance contract with Liberty Mutual. The trial court simply “granted” that motion on November 30, 2007, without specifying the ground for its decision.
 

 We note that, at the time of the November 30, 2007, order, the trial court had no jurisdiction to award attorney fees under the ALAA because the trial court did not reserve jurisdiction to award fees under the ALAA in its summary judgment.
 
 See Casey v. McConnell,
 
 975 So.2d 384, 388-89 (Ala.Civ.App.2007). A party may move a trial court to amend a final judgment to include a reservation of jurisdiction to award attorney fees under the ALAA.
 
 Id.
 
 at 389. In this case, in its May 29, 2007, motion, Greenway did not specifically request that the trial court amend the summary judgment to reserve jurisdiction to award attorney fees under the ALAA. Moreover, even if such a request could be implied, that request was denied by operation of law by the trial court’s failure to rule on the motion within 90 days from its filing.
 
 See
 
 Rule 59.1.
 

 We must therefore assume that the trial court awarded fees to Greenway pursuant to the terms of the insurance contract. The fact that the trial court did not enter written findings of fact specifying its reasons for awarding the fees only bolsters our conclusion that the trial court did not rely on the ALAA in making the award. Liberty Mutual has not raised any argument that the trial court erred in awarding
 
 *57
 
 attorney fees to Greenway pursuant to the terms of the insurance contract. Hence, we consider that issue to be waived.
 
 See Smith v. Mark Dodge, Inc.,
 
 934 So.2d 875, 380 (Ala.2006) (holding that judgment cannot be reversed on a ground not argued in brief). Because Liberty Mutual has not provided this court with any basis for reversing the trial court’s judgment awarding attorney fees, we must affirm as to that issue.
 

 APPEAL DISMISSED IN PART; AFFIRMED IN PART.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 [1]
 

 . Liberty Mutual moved to set aside that answer because it was filed by an attorney not licensed to practice law in Alabama. An attorney licensed to practice law in Alabama subsequently appeared for Greenway and moved to admit Greenway's original attorney for admission to practice law in Alabama
 
 pro hac vice.
 
 The trial court granted the motion and denied Liberty Mutual's motion to set aside Greenway's answer.
 

 [2]
 

 . Rule 56(c)(2), Ala. R. Civ. P., requires any statement or affidavit in opposition to a motion for a summary judgment to be "served at least two (2) days prior to the hearing."
 

 [3]
 

 . Although the trial court referred to a “trial,” it evidently meant a "hearing.”
 

 [4]
 

 . Although neither party raised these issues in their initial briefs to this court, " ‘[flurisdic-tional matters are of such importance that a court may take notice of them
 
 ex mero motu.’ ” Naylor v. Naylor,
 
 981 So.2d 440, 441 (Ala.Civ.App.2007) (quoting
 
 McMurphy v. East Bay Clothiers,
 
 892 So.2d 395, 397 (Ala.Civ.App.2004)).
 

 [5]
 

 . Liberty Mutual does not argue any error in regard to the award of costs.