PITTMAN, Judge.
 

 Palisades Collection, LLC (“Palisades”), appeals from an order of the Etowah Circuit Court denying its motion for relief from that court’s December 6, 2007, order purporting to assess, pursuant to Ala. Code 1975, § 12-19-270 et seq., the Alabama Litigation Accountability Act (“the ALAA”), attorney fees against Palisades following the October 5, 2007, entry of a summary judgment in favor of the defendant, Bryan J. Delaney. We reverse the trial court’s order denying relief.
 

 Palisades sued Delaney in August 2006 on an account-stated claim; damages in the amount of $11,895.35 were sought. After Delaney’s motion to dismiss the action was denied, Delaney answered the complaint with a general denial and asserted that sanctions were due to be imposed upon Palisades under the ALAA because, Delaney said, the account-stated claim was filed “without a legal or factual basis.”
 
 *886
 
 Delaney later amended his answer to affirmatively assert that the claim asserted by Palisades was time-barred under the applicable statute of limitations and under the doctrine of laches.
 

 Delaney moved for a summary judgment in his favor based upon his affirmative defenses; in a supporting memorandum, Delaney requested a hearing on his request for ALAA sanctions. That motion was set for an October 4, 2007, hearing. Although Palisades apparently served Delaney, via mail, with a response in opposition to the summary-judgment motion two days before the scheduled hearing, and although the trial court was apparently aware of the contentions made in that response, that response was not filed in the trial court until October 12, 2007, eight days after the hearing and seven days after the trial court had entered a judgment stating: “Defendant’s motion for summary judgment is hereby granted. Done this 5th day of October, 2007.” The trial coui't did not state in its judgment that Delaney was entitled to sanctions under the ALAA, nor did the tidal court schedule any subsequent hearing on the issue of Delaney’s entitlement to relief under the ALAA. Neither party filed a post-judgment motion, and Palisades did not appeal from the summary judgment.
 

 On December 5, 2007, well after the 30-day period for filing a motion to alter, amend, or vacate the judgment had passed
 
 (see
 
 Rule 59(e), Ala. R. Civ. P.), Delaney filed what he labeled a motion for Palisades “to pay expenses associated with the defense of this matter under the” ALAA, asserting that the claim asserted by Palisades had been without a legal or factual basis and noting that no appeal had been taken from the summary judgment in his favor. The trial court, on December 6, 2007, entered an order purporting to summarily grant Delaney’s ALAA request and directing Palisades to pay Delaney $2,572 as an attorney fee. On December 11, 2007, Palisades filed a motion for relief from the trial court’s December 6, 2007, order; in that motion, Palisades contended, among other things, that the trial court had lacked jurisdiction to enter that order, that the trial court had erroneously concluded that the claim asserted by Palisades had lacked a factual or legal basis, and that no reasons had been stated for the sanctions imposed. The trial court, after a hearing, entered an order on January 22, 2008, indicating that Delaney’s ALAA claim was denied; however, on the next day, January 23, 2008, the trial court entered an order setting aside that order as having been entered in error and stating that Palisades’ motion for relief was denied.
 

 Rule 60(b), Ala. R. Civ. P., provides that a trial court may relieve a party from a final judgment or order
 
 [1]
 
 for certain reasons, including that the order is “void.”
 
 See
 
 Rule 60(b)(4), Ala. R. Civ. P. The denial of a Rule 60(b) motion is appealable,
 
 see Food World v. Carey,
 
 980 So.2d 404, 406 (Ala.Civ.App.2007), but an appeal from such a denial presents for review only the propriety of that denial; thus, when a motion for relief, such as that filed in this case, attacks an order as being void, the controlling inquiry may be stated as follows: “If the judgment is void, it is to be set aside; if it is valid, it must stand.”
 
 Smith v. Clark,
 
 468 So.2d 138, 141 (Ala.1985).
 

 
 *887
 
 Under Ala.Code 1975, § 12-19-272(a), a part of the ALAA, a trial court determining that a claim or a defense in a civil action has been asserted without substantial justification is to assess against the offending party or attorney reasonable attorney fees and costs “as part of its judgment.” Decisions of both this court and the Alabama Supreme Court have interpreted that portion of the ALAA as requiring either that an award of sanctions under the ALAA be included in the trial court’s final judgment or that jurisdiction to decide the matter of ALAA sanctions be expressly reserved by the trial court in the judgment or a proper postjudgment amendment thereto.
 
 See Casey v. McConnell,
 
 975 So.2d 384, 388-89 (Ala.Civ.App.2007);
 
 Langham v. Wampol,
 
 902 So.2d 58, 68-69 (Ala.Civ.App.2004);
 
 Donnell Trucking Co. v. Shows,
 
 659 So.2d 667, 669 (Ala.Civ.App.1995);
 
 Baker v. Williams Bros., Inc.,
 
 601 So.2d 110, 112 (Ala.Civ.App.1992); and
 
 Gonzalez, LLC v. DiVincenti,
 
 844 So.2d 1196, 1202 (Ala.2002).
 

 In this case, as in
 
 Langham,
 
 a defendant’s motion seeking ALAA sanctions “was pending when the trial court entered the summary judgment, and, when the trial court entered the summary judgment, it made no mention of reserving jurisdiction for a determination of attorney fees.” 902 So.2d at 69. Moreover, Delaney did not, as the defendant in
 
 Casey
 
 did, timely seek an amendment to the final judgment on the merits. 975 So.2d at 389. Thus, as we did in
 
 Langham,
 
 we hold that the trial court in this case “did not have jurisdiction to award attorney fees after it had entered a summary judgment.” 902 So.2d at 69. The trial court’s December 6, 2007, order was therefore void for lack of subject-matter jurisdiction and should have been vacated by that court in response to the motion for relief filed by Palisades.
 

 The trial court’s order of January 23, 2008, denying the motion for relief filed by Palisades was erroneously entered. We reverse that order, and we remand the cause for the trial court to grant the motion for relief and to vacate its December 6, 2007, void order imposing ALAA sanctions. All other contentions of the parties as to the merits of the appeal are preter-mittecl. Delaney’s motion for an award of attorney fees on appeal is denied.
 

 REVERSED AND REMANDED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and BRYAN and THOMAS, JJ., concur.
 

 MOORE, J., concurs in the result, without writing.
 

 [1]
 

 . The December 6, 2007, order was itself an appealable final judgment. "[A] final judgment regarding the collateral issues of costs and attorney fees ... will itself support an appeal.”
 
 Liberty Mut. Ins. Co. v. Greenway Enters., Inc.,
 
 23 So.3d 52, 56 (Ala.Civ.App.2009).