THOMPSON, Presiding Judge.
Tanita Cain, doing business as Alabama First Friday, Inc. (“Cain”),[1] appeals from a summary judgment entered in favor of the defendants, Theresa Strachan, doing business as By Any Means Entertainment and Celebrity 1st Friday, Frank Walker, and Jemelle Cunningham (hereinafter collectively referred to as “the defendants”).[2]
The record in this case indicates the following. On March 5, 2010, Cain filed a verified complaint for a preliminary injunction against the defendants, seeking to prevent them from using the name “Celebrity 1st Fridays” in advertisements and promotional materials and to enjoin them from holding an event scheduled for that day. In her complaint, Cain asserted that the Alabama Secretary of State’s office had granted her the exclusive right to the trade name “First Fridays” for a ten-year period and that the right did not expire until July 27, 2015. Cain contended that both she and the defendants were using local media to advertise separate events to *856 be held in Birmingham on March 5, 2010, under the name of “1st Fridays” and that Cain would suffer damage if the defendants were allowed to proceed under the name “1st Fridays.”
The trial court held a hearing the day the complaint was filed and the events were scheduled to take place. After the hearing, the trial court denied Cain’s request for a preliminary injunction from the bench and entered a written order denying the request on March 9, 2010. In its written order, the trial court stated that Cain had failed to meet her burden, “weighing the hardship imposed on the defendants] and the existence of a remedy at law.” The trial court did, however, schedule a hearing to allow Cain to prove her damages. Cain did not appeal from the denial of her request for a preliminary injunction.
Before the hearing on damages, the parties had disputes regarding the defendants’ propounded discovery requests, which concerned the issue of damages. The discovery disputes continued until ultimately, on June 10, 2010, the defendants filed a motion to dismiss or, in the alternative, for a summary judgment, arguing that Cain had not proven that she was in any way damaged by the alleged infringement of her trade name. On June 18, 2010, the trial court entered a summary judgment in favor of the defendants.[3] In the judgment, the trial court agreed with the defendants that Cain had failed to prove damages, stating that “[t]here would be no way to calculate damages in this case without relying on pure speculation.”
After the summary judgment was entered, the parties filed numerous post-judgment motions. On June 19, 2010, Cain filed a “Motion to Strike Motion to Dismiss and Summary Judgment Arguments.” On June 21, 2010, the defendants filed both a response to Cain’s motion to strike and a motion for an award of attorney fees and costs pursuant to the Alabama Litigation Accountability Act (“the ALAA”), § 12-19-270 et seq., Ala.Code 1975. On July 1, 2010, Cain filed a motion to alter, amend, or vacate the summary judgment. On July 15, 2010, the trial court entered separate orders denying Cain’s motion to alter, amend, or vacate and her motion to strike. That same day, the trial court also entered an order awarding the defendants attorney fees in the amount of $2,500, pursuant to the ALAA. Cain timely appealed.
Cain asserts that the trial court improperly entered the summary judgment in favor of the defendants because, she says, a genuine issue of material fact existed.
“This Court’s review of a summary judgment is de novo. Williams v. State Farm Mut. Auto. Ins. Co., 886 So.2d 72, 74 (Ala.2003). We apply the same standard of review as the trial court applied. Specifically, we must determine whether the movant has made a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Blue Cross & Blue Shield of Alabama v. Hodurski, 899 So.2d 949, 952-53 (Ala.2004). In making such a determination, we must review the evidence in the light most favorable to the nonmovant. Wilson v. Brown, 496 So.2d 756, 758 (Ala.1986). Once the movant makes a prima facie showing that there is no genuine *857 issue of material fact, the burden then shifts to the nonmovant to produce ‘substantial evidence’ as to the existence of a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989); Ala. Code 1975, § 12-21-12. ‘[Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assur. Co. of Fla., 547 So.2d 870, 871 (Ala.1989).”
Dow v. Alabama Democratic Party, 897 So.2d 1035, 1038-39 (Ala.2004).
In her brief on appeal, Cain argues that her complaint for injunctive relief raised the issue of what Cain called her “exclusive right” to use the trade name “First Fridays.” That issue, she says, was “undisputed and incapable of being foreclosed upon during argument therefore making said issue a genuine issue.” She states that the trial court should have recognized the factual issue raised in the complaint and, therefore, that entry of the summary judgment was improper.
The trial court denied Cain’s request for a preliminary injunction on the basis that she had failed to meet her burden with regard to “weighing the hardship imposed on [the defendants] and the existence of a remedy at law.” The order denying the request for an injunction contained no findings on the issue of infringement. Apparently, the trial court found that there was some merit to the contention that the defendants had infringed Cain’s trade name, however, because, without such a finding, there would have been no need to go forward on the issue of the damage caused by the alleged infringement.
The discovery requests the defendants propounded after the denial of the request for a preliminary injunction concerned Cain’s damages. The defendants’ motion for summary judgment was based upon their contention that Cain was unable to prove that she had been damaged by the alleged infringement. The trial court entered the summary judgment in favor of the defendants based upon Cain’s failure to prove damages, stating that Cain had provided the court with “no way to calculate damages without relying on pure speculation.” Therefore, Cain’s argument that her verified complaint raised a factual issue regarding whether the defendants’ use of the name “Celebrity 1st Friday” constituted infringement of her trade name seems misplaced. Both the defendants and the trial court appear to have moved beyond that question at the time the summary judgment was entered.
On appeal, Cain makes no argument regarding the issue of damages, and she fails to point out any evidence in the record that would be relevant to the issue of damages. Her only argument is that the verified complaint raised a genuine issue of fact as to whether there had been an infringement of her trade name that the trial court should have recognized. Accordingly, Cain has failed to demonstrate error on the part of the trial court. “The party opposing a motion for summary judgment may not merely rely upon the allegations and denials in pleadings in order to defeat a properly supported motion. Underwood v. Allstate Ins. Co., 590 So.2d 258, 259 (Ala.1991); Gallups v. Cotter, 534 So.2d 585, 588 (Ala.1988).” Lewis v. Mobil Oil Corp., 765 So.2d 629, 630 (Ala.1999).
Once the defendants made a prima facie showing that there was no genuine issue of material fact regarding the issue of damages, the burden shifted to Cain to produce “substantial evidence” that she had, in fact, incurred damages as a result of the alleged infringement. See Dow, 897 So.2d at 1038-39. However, our review of the record indicates that Cain did not produce any evidence, let alone substantial evi *858 dence, regarding her damages. We conclude, therefore, that the trial court properly entered a summary judgment in favor of the defendants.
Cain also argues that the trial court erred in awarding the defendants attorney fees pursuant to the ALAA, because, she says, her action against the defendants was not without “substantial justification.” Cain also points out that the trial court’s order awarding the defendants attorney fees violated the ALAA by failing to specifically set forth the reasons for its award, as required by § 12-19-273, Ala.Code 1975. The defendants acknowledge that the trial court’s order fails to comply with § 12-19-273 and urge this court to remand this cause for the trial court to enter an order awarding attorney fees that is in compliance with the ALAA.
Neither party has raised the issue whether this court has jurisdiction to consider this question. However, “ ‘jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’ ” Sexton v. Sexton, 42 So.3d 1280, 1282 (Ala.Civ.App.2010) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)).
In McDorman v. Archer, 678 So.2d 112 (Ala.Civ.App.1995), this court held that, for a trial court to have jurisdiction to properly consider a motion seeking an award of attorney fees pursuant to the ALAA, the motion must be filed before there has been an adjudication of the action on the merits. In McDorman, this court, quoting Baker v. Williams Brothers, Inc., 601 So.2d 110, 112 (Ala.Civ.App.1992), stated:
“ ‘The plain language of § 12 — 19—27[2] states that the court must make its award of attorney’s fees under the [ALAA] as part of its judgment on the merits of the case, “in addition” to other costs assessed against a frivolous litigant. The statute does not create a new or separate cause of action to be brought after a case is litigated and given a final adjudication on its merits; rather, it indicates that the motion must be made during the pendency of the case.’ ”
McDorman, 678 So.2d at 112; see also Hall v. American Indem. Group, 681 So.2d 220, 221 (Ala.Civ.App.1996) (motion for attorney fees pursuant to the ALAA was filed before the entry of a final judgment, thus the trial court had jurisdiction to award attorney fees).
In this case, the defendants filed the motion for attorney fees on June 21, 2010 — three days after the trial court entered the summary judgment. Therefore, the motion was made after the final adjudication on the merits, and the trial court had no jurisdiction to award attorney fees. Because the trial court lacked jurisdiction over the issue of attorney fees, the order purportedly awarding the fees is void. Ex parte Citizens Bank, 879 So.2d 535, 540 (Ala.2003). “A void judgment will not support an appeal, and ‘an appellate court must dismiss an attempted appeal from such a void judgment.’ ” Colburn v. Colburn, 14 So.3d 176, 179 (Ala.Civ.App.2009) (quoting Vann v. Cook, 989 So.2d 556, 559 (Ala.Civ.App.2008)). Therefore, we dismiss that portion of Cain’s appeal concerning the propriety of the award of attorney fees to the defendants, and we instruct the trial court to vacate its July 15, 2010, order awarding the defendants attorney fees. The summary judgment entered on June 18, 2010, is affirmed.
SUMMARY JUDGMENT OF JUNE 18, 2010, AFFIRMED; APPEAL DISMISSED IN PART WITH INSTRUCTIONS.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.

. The pleadings in the trial court are styled to indicate that the plaintiff is Tanita Cain, doing business as Alabama First Friday, Inc. However, the complaint and a document from the Alabama Secretary of State’s office, which is attached as an exhibit to the complaint, indicate that First Friday, Inc., is a properly registered Alabama corporation. Moreover, the complaint indicates that Tanita Cain is the president of First Friday, Inc. The notice of appeal lists only Tanita Cain as the appellant, but the appellant’s brief on appeal has been filed on behalf of Tanita Cain, doing business as Alabama First Friday, Inc.

. The pleadings in the trial court are styled to indicate that Frank Walker was being sued as "Frank Walker, d/b/a Celebrity 1st Friday.” The complaint asserts, "upon information and belief,” that Walker is a principal and financial backer of Celebrity 1st Friday. Jemelle Cunningham was being sued in her capacity as Strachan’s attorney. We note that Cunningham did not represent Strachan in this litigation. Finally, Sheraton Hotel Birmingham and the Birmingham Jefferson Civic Center were originally named as defendants in this case, but they were dismissed on May 14, 2010.

. In her brief to this court, Cain asserts that the trial court granted the motion for a summary judgment without a hearing. However, in their brief, the defendants contend that a hearing was held on June 17, 2010, and the trial court’s summary judgment indicates that it was based upon arguments made at the June 17, 2010, hearing. A transcript of the hearing is not included in the record on appeal.