THOMPSON, Presiding Judge.
Evan J. Wolfe and Kelly M. Wolfe defaulted on a mortgage securing a promissory note on their house. JPMorgan Chase Bank, N.A. (“Chase”), a lienholder, was the successful bidder at a February 10, 2010, foreclosure sale of the house. *698 Regions Bank (“Regions”), another lien-holder, redeemed the property from Chase and subsequently filed an ejectment action against the Wolfes in the Mobile Circuit Court (“the trial court”). On March 10, 2011, the trial court entered a summary judgment in favor of Regions and ordered the Wolfes to vacate the property. Evan Wolfe appealed, and this court affirmed the judgment, without an opinion. Wolfe v. Regions Bank (No. 2100707, Sept. 16, 2011), 114 So.3d 877 (Ala.Civ.App.2011) (table).[1] On March 9, 2012, our supreme court denied the Wolfes’ petition for a writ of certiorari. Ex parte Wolfe (No. 1110491), 142 So.3d 1292 (Ala.2012) (table).
On February 10, 2012, while the Wolfes’ petition for a writ of certiorari was pending, the Wolfes, proceeding pro se, filed an action in the trial court against Chase, Mortgage Electronic Registration Systems, Inc. (“MERS”), Edith Pickett, Shapiro & Pickett, L.L.P., Beth Rouse, and McFadden, Lyon & Rouse, L.L.C. In their February 10, 2012, complaint, the Wolfes alleged claims of fraud and wrongful foreclosure, and they sought an award of damages and “full restoration of all property rights.” Edith Pickett, Shapiro & Pickett, Beth Rouse, and McFadden, Lyon & Rouse (“the attorney defendants”) answered and asserted a “counterclaim” seeking an award of an attorney fee pursuant the Alabama Litigation Accountability Act (“ALAA”), § 12-19-270 et seq., Ala. Code 1975. See Plus Int'l, Inc. v. Pace, 689 So.2d 160, 162 (Ala.Civ.App.1996) (The ALAA does not create a cause of action but, rather, is “a tool to be used by the court to sanction parties who bring frivolous litigation.”).
All the defendants moved for a summary judgment. Thereafter, the Wolfes filed an amended complaint. Chase and MERS moved to strike the Wolfes’ amended complaint.
On September 10, 2012, the trial court entered a summary judgment in favor of all the defendants and granted the motion to strike the Wolfes’ amended complaint. In its September 10, 2012, summary judgment, the trial court specifically reserved jurisdiction to consider the request by the attorney defendants for an award of an attorney fee pursuant to the ALAA.
The Wolfes filed a postjudgment motion on October 10, 2012. On October 24, 2012, the attorney defendants filed documents in support of their claim for an attorney fee under the ALAA.
On January 18, 2012, after conducting a hearing, the trial court entered an order denying the attorney defendants’ claim for an attorney fee under the ALAA. Also on January 18, 2012, the trial court entered an order purporting to deny the Wolfes’ October 10, 2012, postjudgment motion. The Wolfes filed a notice of appeal on February 28, 2013, arguing that the trial court had erred in entering the September 10, 2012, summary judgment in favor of the defendants.
On appeal, Chase and MERS have argued that the Wolfes’ appeal is untimely. As is explained below, we agree.
The September 10, 2012, summary judgment adjudicated the parties’ substantive claims, but it did not resolve the attorney defendants’ attorney-fee request. “[A] decision on the merits” of the claims asserted by the parties is a “ ‘final decision’ ” even when “there remains for adjudication a request for attorney’s fees attributable to the case.” Budinich v. Becton Dickin *699 son & Co., 486 U.S. 196, 202-03, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988); see also In re Porto, 645 F.3d 1294, 1299 (11th Cir.2011) (“[T]he Supreme Court has established a bright line rule that the issue of attorney’s fees is always collateral to the merits, and a decision on the merits, even if the attorney’s fees issue remains unresolved, is immediately appealable.... ”);[2] and State Bd. of Educ. v. Waldrop, 840 So.2d 893, 899 (Ala.2002) (“[A] decision on the merits disposing of all claims is a final decision from which an appeal must be timely taken, whether a request for attorney fees remains for adjudication.”).
In Liberty Mutual Insurance Co. v. Greenway Enterprises, Inc., 23 So.3d 52 (Ala.Civ.App.2009), the trial court entered a May 22, 2007, summary judgment on the merits and later entered a December 12, 2007, order resolving Greenway’s request for an attorney fee under the ALAA. Liberty Mutual filed a timely notice of appeal from the December 12, 2007, order awarding an attorney fee but also purported to appeal from the May 27, 2007, summary judgment. This court held that the part of Liberty Mutual’s appeal pertaining to the merits of the May 27, 2007, summary judgment was untimely because it was not filed within 42 days of the summary judgment. See Rule 4(a)(1), Ala. R.App. P. This court explained:
“We cannot address the issues raised by Liberty Mutual regarding the May 22, 2007, summary judgment. That judgment conclusively determined - all the issues before the court and put an end to the proceedings, leaving nothing for further adjudication except Green-way’s request in its answer for the imposition of costs and fees. Rule 58(c), Ala. R. Civ. P., states, in pertinent part, that ‘[t]he entry of the judgment or order shall not be delayed for the taxing of costs.’ Hence, the failure to tax costs did not affect the finality of the summary judgment. Holman v. Bane, 698 So.2d 117, 119 (Ala.1997). Pursuant to caselaw, the failure to award attorney fees also does not render the summary judgment nonfinal. See Gonzalez, LLC v. DiVincenti, 844 So.2d 1196, 1201 (Ala.2002) (holding a summary judgment to be final although motion to assess attorney fees remained pending because award of attorney fees is collateral to judgment).”
23 So.3d at 55. This court dismissed that part of the appeal pertaining to the merits of the May 22, 2007, summary judgment. Id.
Similarly, in this case, the trial court’s September 10, 2012, summary judgment disposed of all the claims on the merits, and, in that summary judgment, the trial court expressly reserved consideration of the attorney defendants’ attorney-fee claim. The September 10, 2012, summary judgment was a final judgment, and to determine the timeliness of an appeal *700 pertaining to the merits of that summary-judgment, we must start with the date of the entry of that judgment. Liberty Mut. Ins. Co. v. Greenway Enters., Inc., supra. The Wolfes filed a timely postjudgment motion on October 10, 2012, thus tolling the 42-day period in which to appeal; that postjudgment motion was denied by operation of law on January 8, 2013, and a notice of appeal was due to be filed within 42 days, i.e., by February 19, 2013. Williamson v. Fourth Ave. Supermarket, Inc., 12 So.3d 1200, 1204 (Ala.2009) (“The 42-day ‘time for filing a notice of appeal shall be computed from the date of denial of such motion by operation of law, as provided for in Rule 59.1.’ Rule 4(a)(1), Ala. R.App. P.”). The Wolfes filed their notice of appeal on February 28, 2013, and raised arguments pertaining only to the merits of the September 10, 2012, summary judgment. That notice of appeal of the September 10, 2012, summary judgment was untimely filed, and, therefore, it did not invoke the jurisdiction of this court. Williamson v. Fourth Ave. Supermarket, Inc., 12 So.3d at 1204; see also Rule 2(a)(1), Ala. R.App. P. (“An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.”). Therefore, we dismiss the Wolfes’ appeal.
APPEAL DISMISSED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. Although only Evan Wolfe was listed on the notice of appeal, the Wolfes, acting pro se, both purported to file a brief in this court.

. We note that some courts have distinguished Budinich and cases following that decision on the ground that those cases relied on a statute that afforded the right to claim an attorney fee and that, therefore, the attorney-fee request was not a part of the substantive merits of the litigation itself. Those courts have held that when a party alleges a breach of contract in which the contract itself provides for the recovery of an attorney fee, the attorney-fee claim is a substantive issue rather than an award of costs and that, therefore, the judgment on the merits is not final until that substantive attorney-fee issue is resolved. See, e.g., In re Porto, 645 F.3d at 1300 ("We recognize that this Court and others have held that when attorney’s fees are awarded pursuant to a contract or are computed as part of the damages award, an order on the merits does not become final and appealable until the attorney's fees issue is resolved.”); Adeduntan v. Hospital Auth. of Clarke Cnty., 249 Fed.Appx 151 (11th Cir.2007) (not published in Federal Reporter) (same).