PITTMAN, Judge.
Nina Wagnon, Laura Powell, and James Earl Welch, Jr. (“James Earl Jr.”) (Nina, Laura, and James Earl Jr. are hereinafter referred to collectively as “the heirs”), appeal from separate judgments of the Shelby Circuit Court (“the trial court”) in favor of Jo Ann Gravelle, which dismissed the heirs’ action against Jo Ann and denied the heirs’ motion to set aside or vacate an award to Jo Ann of attorney fees under the Alabama Litigation Accountability Act (“the ALAA”), § 12-19-270 et seq., Ala. Code 1975. We dismiss the appeal in part, reverse the judgment denying the heirs’ motion to set aside or vacate, and remand the cause to the trial court.

Facts and Procedural History

The heirs’ father, James Earl Welch, Sr. (“James Earl Sr.”), who is now deceased, and Jo Ann lived together for some time but had, at some point, separated.[1] While they were separated, James Earl Sr. became ill, and Jo Ann moved back into his home. Nina, one of the heirs, claims that she continued to care for James Earl Sr. even after Jo Ann moved back into his home.
James Earl Sr. died in September 2012, and a dispute arose between Jo Ann and the heirs as to the disposition of his estate. According to the heirs, Jo Ann agreed that, after waiting one year, she would “take care of [James Earl Sr.’s] affairs.”
The heirs claim that, after a year elapsed, they began to ask Jo Ann about James Earl Sr.’s property. According to the heirs, they discovered that some of James Earl Sr.’s property had disappeared. Thus, in July 2014, Nina commenced an action against Jo Ann in the trial court. The other two heirs, Laura and James Earl Jr., were later added as additional plaintiffs.
The heirs asserted in their complaint that James Earl Sr. had left a will (which the heirs claim also disappeared), that James Earl Sr. and Jo Ann may not have been legally married, and that Jo Ann had improperly disposed of property of James Earl Sr.’s estate. The heirs requested injunctive relief aimed at maintaining the status quo with respect to the remaining property of James Earl Sr.’s estate and demanded damages for the allegedly missing property.[2]
Jo Ann filed a motion to dismiss, arguing that the probate court would have exclusive subject-matter jurisdiction over matters pertaining to the administration James Earl Sr.’s estate. The trial court granted Jo Ann’s motion on August 21, 2014. Because no request for attorney fees had been made at that point, the trial court understandably did not mention the ALAA in its judgment. See generally Liberty Mut. Ins. Co. v. Greenway Enters., Inc., 23 So.3d 52, 56 (Ala.Civ.App.2009) (indicating that a trial court, in entering a final judgment, may award fees under the ALAA or reserve jurisdiction to do so at a later point).
*343 Within 30 days of the entry of the judgment dismissing the action, the heirs filed a “motion to reinstate and change venue,” in which they argued that the trial court had jurisdiction over the action because, the heirs asserted, they had needed to conduct, a “pre-notice investigation” regarding James Earl Sr.’s property, which they claimed could not be accomplished in a probate court.[3] The heirs also suggested in their motion that, because Jo Ann allegedly had already disposed of James Earl Sr.’s property, the heirs were entitled to a jury trial on their claim for compensatory and punitive damages. Finally, the heirs requested the trial court to change venue of the action to the Blount Circuit Court. The trial court denied the heirs’ motion on September 15, 2014. Again, there had been no request for attorney fees made, and there was no mention of the ALAA in the trial court’s order denying the heirs’ postjudgment motion.
On September 18, 2014, Jo Ann filed a motion requesting the trial court to amend its judgment dismissing the action in order to award her attorney fees pursuant to the ALAA. On February 2, 2015, the trial court entered a judgment awarding Jo Ann attorney fees in the amount of $3,750.[4]
Within 30 days of the entry of the trial court’s judgment awarding attorney fees, the heirs filed a motion to set aside or to vacate that judgment, which the trial court denied on March 13, 2015. The heirs appealed on April 22, 2015. On appeal, the heirs argue that the trial-court erred in dismissing their action and in awarding Jo Ann attorney fees.

Discussion

Timeliness of Appeal

“[A]n untimely filed notice of appeal results in a lack of appellate jurisdiction, which cannot be waived.” Parker v. Parker, 946 So.2d 480, 485 (Ala.Civ.App.2006). A postjudgment motion timely filed under Rule 59, Ala. R. Civ. P., tolls the period for appealing from a final judgment, and the period in which to pursue the appeal begins to run from the date of the denial of such a motion. See Rule 4(a)(3), Ala. R.App. P.; Liberty Mutual, 23 So.3d at 55-56. After the trial court dismissed the heirs’ action, the heirs timely filed their postjudgment “motion to reinstate,” which was denied by the trial court on September 15, 2014, giving the heirs until October 27, 2014, to appeal from the trial court’s judgment dismissing the action. The heirs, however, did not file their notice of appeal until April 22, 2015. Thus, we must dismiss the appeal insofar as it challenges the trial court’s dismissal of the action for lack of subject-matter jurisdiction.[5]
*344 Regarding the award of attorney fees to Jo Ann, however, the heirs’ appeal from the denial of their motion to set aside or to vacate that award is timely. The judgment awarding attorney fees was entered on February 2, 2015. The heirs filed a motion to set aside or to vacate that judgment on March 3, 2015, arguing that the fee award was void. The trial court denied the heirs’ motion on March 13, 2015. That denial was itself an appealable judgment. See Palisades Collection, LLC v. Delaney, 29 So.3d 885, 886 (Ala.Civ.App.2009) (indicating that the denial of a motion for relief from a judgment alleged to be void is appealable and presents for review the propriety of that denial). The heirs filed their notice of appeal within 42 days of the denial of their motion to set aside or vacate.

Propriety of Attorney-Fee Award

In Baker v. Williams Brothers, Inc., 601 So.2d 110 (Ala.Civ.App.1992), this court stated:
“The plain language of [the ALAA] states that the court must make its award of attorney’s fees under the [ALAA] as part of its judgment on the merits of the case, ‘in addition’ to other costs assessed against a frivolous litigant. The [ALAA] does not create a new or separate cause of action to be brought after a case is litigated and given a final adjudication on its merits; rather, it indicates that the motion must be made during the pendency of the case.”
601 So.2d at 112. In McDorman v. Archer, 678 So.2d 112 (Ala.Civ.App.1995), this court extended the holding in Baker and held that a trial court did not have jurisdiction to award attorney fees under the ALAA when the motion requesting such fees was not made until after the trial court had entered a summary judgment in favor of the movant:
“The motion for attorney fees was made after the summary judgment had been entered; therefore, it was made after the final adjudication on the merits. Thus, the trial court had no jurisdiction to award attorney fees.”
678 So.2d at 112. Likewise, this court in Cain v. Strachan, 68 So.3d 854 (Ala.Civ.App.2011), citing McDorman and Baker, held that a trial court did not have jurisdiction to award attorney fees under the ALAA because the motion requesting such an award was not filed until after a summary judgment had been entered:
“In this case, the defendants filed the motion for attorney fees on June 21, 2010—three days after the trial court entered the summary judgment. Therefore, the motion was made after the final adjudication on the merits, and the trial court had no jurisdiction to award attorney fees. Because the trial court lacked jurisdiction over the issue of attorney fees, the order purportedly awarding the fees is void.”
68 So.3d at 858.
In Palisades Collection, this court stated:
“Under Ala.Code 1975, § 12-19-272(a), a part of the ALAA, a trial court determining that a claim or a defense in a civil action has been asserted without substantial justification is to assess against the offending party or attorney reasonable attorney fees and costs ‘as part of its judgment/ Decisions of both this court and the Alabama Supreme Court have interpreted that portion of *345 the ALAA as requiring either that an award of sanctions under the ALAA be included in the trial court’s final judgment or that jurisdiction to decide the matter of ALAA sanctions be expressly-reserved by the trial court in the judgment or a proper postjudgment amendment thereto.”
29 So.3d at 887.
The record on appeal in the present case indicates that the trial court did not reserve jurisdiction to make an award under the ALAA in its final judgment dismissing the action and that Jo Ann did not request such an award until after the trial court had granted Jo Ann’s motion to dismiss the action. Thus, based on the authorities referenced above, this court must conclude that the trial court erred in denying the heirs’ motion to set aside or to vacate the judgment awarding attorney fees. Accordingly, we reverse the trial court’s order denying the heirs’ motion to set aside or to vacate, and we remand the cause for the trial court to grant that motion and to vacate its order awarding fees under the ALAA. See Palisades Collection, 29 So.3d at 887 (reversing a trial court’s denial of a motion for relief from a void order awarding fees under the ALAA and remanding the cause for the trial court to vacate that void order).
APPEAL DISMISSED IN PART; ORDER OF MARCH 13, 2015, REVERSED; AND CAUSE REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.

. The record on appeal indicates that there was a dispute in the trial court as to whether Jo Ann and James Earl Sr. were ever legally married. It does not appear that the trial court made a finding on that issue.

. We note that many of the facts alleged in the heirs’ brief on appeal are not supported by citations to the record and that the trial court did not make findings regarding the heirs’ allegations regarding the property of James Earl Sr.'s estate.

. In essence, the heirs argued that they had needed to conduct discovery regarding James Earl Sr.’s assets without Jo Ann having knowledge of that discovery because, they asserted, Jo Ann would have disposed of the remaining estate property upon learning of the commencement of a legal action. The heirs asserted that they could obtain that relief only from a circuit court.

. The trial court also purported to again deny the heirs’ "motion to reinstate,” but that motion already had been denied in September 2014.

. Liberty Mutual indicates that, generally, a pending request for an attorney-fee award does not affect the finality of an otherwise final judgment. 23 So.3d at 55. In any event, even if any portion of Jo Ann's September 18, 2014, motion requesting attorney fees under the ALAA could be considered a post-judgment motion under Rule 59 that extended the heirs’ deadline to appeal, such a post-judgment motion would have been denied by operation of law on December 17, 2014, which would have given the heirs only until January 28, 2015, to file their appeal. See Rule 59.1, Ala. R. Civ. P.; Liberty Mutual, 23 So.3d at 56 (any implied request, in a motion *344 filed after entry of a final judgment, for the trial court to amend that judgment in order to retain jurisdiction under the ALAA was denied by operation of law 90 days after the motion was filed).